Submitted November 15; reversed and remanded for entry of a single conviction for third-degree assault, remanded for resentencing, otherwise affirmed December 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLLIN N. DAVIDSON,
aka Collin Davidson,
aka Colin N. Davidson,
*Defendant-Appellant.*

Multnomah County Circuit Court
140130441; A156757

385 P3d 1284

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erik Blumenthal, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

## PER CURIAM

Defendant appeals from a judgment imposing convictions for third-degree assault (Count 1) and fourth-degree assault (Count 2); he was acquitted of fourth-degree assault constituting domestic violence (Count 3). In his first assignment of error, defendant claims that the trial court erred by disallowing his demurrer to the indictment. We reject that claim without further discussion. In his second assignment of error, defendant contends that the trial court erred by entering separate convictions on Counts 1 and 2, when the verdicts on those counts should have merged into a single conviction for third-degree assault. *See* ORS 161.067(1) (specifying requirements to prevent merger). The state concedes that the trial court erred. We reverse and remand.

A jury found defendant guilty on Counts 1 and 2. At sentencing, defendant argued that the verdicts on those counts should merge. The trial court agreed: "So I think that on the facts of this case they do merge." In its temporary sentencing order, the court specified, as to Count 2, "No sentence imposed; merges w/count 1 for purposes of conviction." (Uppercase in original omitted.) The subsequently entered judgment, however, states,

"It is adjudged that the defendant has been convicted on the following count(s):

"Count 1: Assault-3

"* * * * *

"Count 2: Assault in the Fourth Degree

"* * * * *

"Conviction is based upon a [j]ury [v]erdict of guilty * * *."

(Boldface and underscoring in original omitted.) The judgment specifies a sentence of probation on Count 1, but on Count 2, it states, "Defendant shall: [b]e convicted on this count, and the sentence on this count is merged with the sentence on count number 1."

Defendant argues that the trial court erred by imposing separate convictions on Counts 1 and 2. The state

concedes that having made findings that required Counts 1 and 2 to merge, the trial court erred by entering separate convictions on those counts. We agree, accept the state's concession, and reverse and remand.

Reversed and remanded for entry of a single conviction for third-degree assault; remanded for resentencing; otherwise affirmed.